## LONE STAR GAS CO. et al. v. HARRIS.
### No. 909.

Court of Civil Appeals of Texas. Eastland.

Feb. 9, 1932.

For former opinion, see 45 S.W.(2d) 664. See also 19 S.W.(2d) 178.

LESLIE, J.

In its second motion for rehearing, the Ohio Fuel Oil Company contends that we misconstrued its second amended original answer, and that a proper reading thereof will disclose that that company never pleaded a tender by it to the plaintiff of the gas royalty rentals. After setting forth in its answer a general denial, special answer, etc., it, in substance, charged that, "Plaintiff herein has been tendered at the maturity thereof the sum of $300.00 for each and every year after said well has been drilled on said premises by the *assignee* of this defendant. * * *" This, it is asserted, cannot be correctly construed as a tender by said company. It will be remembered the Kokomo Petroleum Company is merely the assignee of the Ohio Fuel Oil Company. The former assumed all the "covenants, obligations and burdens" imposed by the lease upon the fuel oil company. The fuel oil company's allegations which pertain to the tender of the gas rentals are to be found in a cross-action of that company whereby it seeks to recover something like $25,000 in damages accruing to it by reason of the plaintiff's having failed and refused to accept said

gas rentals alleged to be due him under the terms of the original lease, and to which alone he was entitled, and which had been consistently tendered him by said assignee. The allegations of the cross-action are lengthy to the effect that the plaintiff's failure to accept said gas rentals, according to the terms of the lease, prevented the assignee's development of the property, resulting in the damages, etc., claimed.

Under these circumstances we are of opinion that the Ohio Fuel Oil Company and the Kokomo Petroleum Company are in the same attitude towards the tender of these gas rentals (as a full measure of the plaintiff's recovery), and we are still of opinion that the question of limitation as against the plaintiff's right to recover such rentals should be resolved against each of said defendants and for the reasons assigned.

Associate Justice FUNDERBURK dissents for reasons heretofore stated in his opinion, but does not dissent on the question of limitation here considered.

The Ohio Fuel Oil Company's second motion for rehearing is overruled.